IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH GRANT,

                Plaintiff,                Case No. 1:11 dp 23090

    -vs-

                                         MEMORANDUM OPINION

DEPUY ORTHOPAEDICS, INC.,
et al.,

                Defendants.

KATZ, J.

Touro Infirmary (Defendant) has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 22).  Plaintiff has filed a response.  (Doc. No. 23).

### I. Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### II. Facts

On August 16, 2011, Plaintiff filed this action for damages against the Defendant, among others, in the Civil District Court for the Parish of Orleans, Louisiana.  Plaintiff alleged that he underwent surgery for the implantation of a DePuy ASR hip device in both hips.  Plaintiff asserted that the device was defective.  On September 7, 2011, the case was removed to the United States District Court for the Eastern District of Louisiana.  Following removal, the case was transferred to the undersigned by the Judicial Panel on Multidistrict Litigation.  *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.,* 1:10-md-2197 (N. D. Ohio).

The Defendant argues that Plaintiff's complaint is premature as his claims are governed by the Louisiana Medical Malpractice Act, La. Rev. Stat. § 40:1200.41 et seq.  Under the statute, Plaintiff must present his claims to a medical review panel prior to instituting a lawsuit.  To date,

Defendant states that Plaintiff has failed to comply with the process before the medical review panel. Defendant asserts that under Louisiana law, an individual is prohibited from filing a cause of action in any court until after the medical review panel has rendered its decision.

### III. Motion to Dismiss Standard

Under Rule 12(b)(6), the Court construes the record in the light most favorable to the non-moving party, accepting all well-pleaded factual allegations as true. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 274 (6th Cir. 2010). While a complaint will survive a motion to dismiss if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery under a viable legal theory, this Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations." *Id*. at 275–76 (citation and internal quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.*" Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alterations omitted). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### IV. Discussion

Because this case is before the Court based upon its diversity jurisdiction under § 1332, the Court must apply the state substantive laws of Louisiana. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Erie RR. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). In discussing the requirements to bring a cause of action against medical entities such as this Defendant, the court in *Santiago v.*

*Tulane Univ. Hosp. & Clinic*, 115 So.3d 675, 681 (La. Ct. App. 2013), stated:

> Medical malpractice actions against qualified healthcare providers are governed by special legislation. *LeBreton v. Rabito*, 97–2221, p. 7 (La. 7/8/98), 714 So.2d 1226, 1229. According to La. R.S. 40:1299.47(B)(1)(a)(I), in order to file a malpractice claim against a qualified provider, a plaintiff must first file a complaint with the PCF [Louisiana Patient's Compensation Fund and Oversight Board] requesting that the claim be submitted to a medical review panel for review. This PCF action then suspends prescription against all parties named in the complaint and all joint and solidary obligors until ninety days following notification of the opinion to plaintiff's counsel under La. R.S. 40:1299.47(A)(2)(a).

The court noted that "La. R.S. 40:1299.47(B)(1)(a)(i) states: 'No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel'." *Id.* at 681 n.8.

Plaintiff contends that Louisiana's Medical Malpractice Act is not applicable to his case because he is foregoing any medial malpractice claims against the Defendant. He has filed a request with the Medical Review Panel for medical malpractice claims. Following a decision by the review panel, he will then decide whether or not to file a malpractice action. (Doc. No. 23, p. 2). Plaintiff admits he is alleging that the Defendant was the provider of a defective product. (Doc. No. 1–2, p. 9, ¶ 62; Doc. No. 23, pp. 1–2, 4). Plaintiff's position that the Medical Malpractice Act is inapplicable to his case has been rejected by the state courts of Louisiana. *Rogers v. Synthes, Ltd.*, 626 So.2d 775, 777 (La. Ct. App. 1993). Because Plaintiff has failed to comply with the administrative requirements of the Louisiana Medical Malpractice Act, Defendant's motion to dismiss is granted without prejudice.

3

## V.  Conclusion

Accordingly, Plaintiff's complaint against Touro Infirmary is dismissed without prejudice pursuant to Rule 12(b)(6).

IT IS SO ORDERED.

                                                   s/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE